AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>BRONTE MILTON<br><br>*Defendant(s)* | Case No. 1:18MJ -39 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 8, 2018__ in the county of __Allen__ in the __Northern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c),<br>18 U.S.C. § 841, and<br>21 U.S.C. § 856 | knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that being distributing and possession with intent to distribute a controlled substance, knowingly possessed with the intent to distribute a controlled substance, including fentanyl, cocaine, and methamphetamine, Schedule II controlled substances, and maintaining a drug involved premise. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

ATF TFO Caleb J. Anderson
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/09/2018

s/Paul R Cherry
*Judge's signature*

City and state: Fort Wayne, Indiana

Paul R. Cherry, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

Comes now your Affiant, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Task Force Officer (TFO) Caleb Anderson currently assigned to the ATF Fort Wayne Field Office, first being duly sworn, now deposes and says:

I am an ATF Task Force Officer (TFO) and have been working for the ATF for 23 months. Prior to being assigned as an ATF TFO, I have been a State Trooper since July 2007, working in the Northern District of Indiana. I am currently assigned to the ATF's Fort Wayne, Indiana, Field Office. My duties include that of enforcing the federal firearms laws under Title 18, United States Code, and enforcing state criminal laws. I am a graduate of the Indiana State Police Academy, and because of my training and experience as a State Trooper and an ATF TFO, I am familiar with federal criminal laws, federal firearms laws, and state criminal laws. I have attended various interdiction schools and training that focused on drug trafficking indicators, behavior, hidden compartments, and interview techniques. I have attended a multi-day indoor marijuana grow training and a one-week undercover drug investigation school. During my experience with ATF and the Indiana State Police, I have been involved in many investigations involving

armed drug trafficking, felons in possession of firearms, controlled buys of illegal firearms, controlled buys of narcotics, and criminal gang cases.

This Affidavit is being submitted for the limited purpose of securing an arrest warrant for Bronte MILTON (hereinafter "MILTON"). Since this Affidavit is being submitted for the limited purpose of securing an arrest warrant for MILTON, your Affiant has not included each and every fact known concerning this investigation. Your Affiant has set forth only the facts that are necessary to establish probable cause.

Based on my investigation, your Affiant has probable cause to believe that on March 8, 2018, MILTON violated 18 U.S.C. §924(c)- Possession of a Firearm in Furtherance of a Crime of Violence or Drug Trafficking Crime, 21 U.S.C. §841 – Possession with Intent to Distribute a Controlled Substance, namely, fentanyl, cocaine, and methamphetamine, Schedule II Controlled Substances, 21 U.S.C 856 – Maintaining A Drug Involved Premise.

The statements in this Affidavit are either known to me personally, based on my personal involvement in this investigation, information provided verbally to me by other law enforcement personnel, information received by a review of court documents, records from the Indiana Department of Corrections, records maintained by the

National Crime Information Center (NCIC), as well as my training experience, and the training and experience of other law enforcement investigators.

On March 7, 2018, your Affiant applied for and obtained an anytime no knock federal search warrant for a residence in Fort Wayne Indiana (hereinafter SUBJECT PREMESIS), which is located in the Northern District of Indiana. This warrant was executed on March 8, 2018, at approximately 4:30 a.m. Upon entering the residence, the Indiana State Police (ISP) Emergency Response Team encountered MILTON walking down the stairs from the upper level of the residence. MILTON was the only person present in the residence at the time the warrant was executed.

During the search of SUBJECT PREMESIS investigators located on top of the dresser in what appeared to be the master bedroom the following items:

1. A Taurus, pistol, model PT 24-7, .45 caliber, SN: NB091313. The firearm was loaded with one round of ammunition in the chamber;
2. Approximately $470 United States currency;
3. A digital scale with white powder residue, later field testing positive for the presence of cocaine;

4. Aluminum foil with unknown pills;

5. A knotted plastic bag containing a crystal like substance with a bag weight of 13 grams, later field testing positive for presence of methamphetamine, a controlled substance;

6. A plastic bag containing a chunky white powder containing approximately 20 grams bag weight suspected to be crack cocaine, later field testing positive for cocaine (crack) cocaine, a controlled substance.

7. A plastic bag containing a white powdery substance suspected to be fentanyl, approximate bag weight, 18 grams, later field testing positive for U-47700, which is a controlled substance. (based on the Affiant's prior experience with this substance, later certified lab results test positive for fentanyl).

Assorted live ammunition and fired ammunition was found on and around the dresser. Located on the floor of the master bedroom in the closet was $2,020 United States currency.

Behind the door in the northeast bedroom of the residence, investigators located a Remington, rifle, model 597, .22 caliber, SN: D2931946. The rifle was loaded with one round in the chamber and contained a loaded magazine. In a black box behind a bookshelf in the same room, investigators located approximately two grams of white

powder suspected to be fentanyl and two unknown pills were located. Also on the bookshelf, investigators located a black card board box containing 26 pills packaged together along with two loose pills. On the bedroom floor, one medication bottle with the name Anthony Henderson was located. In the northeast bedroom closet was a white bottle containing approximately 310 grams of a white powder, which was confirmed on field tests to be Inositol, a commonly used narcotic cutting agent. In the top shelf of the closet was a prescription pill bottle containing three clear capsules.

In the basement in a cardboard box, investigators located two plastic bags containing a white crystal-like residue with a bag weight of approximately 15 grams, later field testing positive for methamphetamine, a controlled substance. Also in the basement, investigators located one Meijer bag containing five cellular phones that were covered in white powder residue, a roll of food saver bags (which are commonly used to package controlled substances), and 14 digital scales with white powder residue on them, several scales field tested positive for cocaine and several did not the ones that did not test are suspected to contain fentanyl residue.

In the living room, indicia of domain for MILTON including: a cell phone bill/contract dated 2/27/2018 with MILTON's name and

SUBJECT PREMESIS' address was located on the living room glass table under the television. A digital scale that contained white powder residue, that field tested positive for cocaine was also located on the same glass table. On the living room table in the northeast corner of the room, a plastic bag containing white powdery substance suspected to be fentanyl weighing approximately 2 grams was found. Later field testing confirmed the presence of fentanyl a controlled substance, with a bag weight of 1.4 grams. Inside a red sweatshirt, laying on the couch in the living room was $61 in United States currency. On the glass table in the living room was a digital scale containing white powder residue, which field tested positive for cocaine. On a glass end table, on the east side of the couch, a digital scale with white chunk-like residue, a spoon, and unknown narcotics was found. These items tested positive for cocaine in later field tests.

In the kitchen drawer, four individual plastic bags with a total approximate weight of 38 grams of a white powdery substance and white rock like substance suspected to be fentanyl and crack cocaine were located along with a digital scale containing white powder residue. Two of the bags later field tested positive for crack cocaine, combined bag weights was 23.8 grams. The other two bags, later field tested positive for of fentanyl, combined bag weight 15.5 grams. On

the kitchen stove, a knife with white residue was located. On the kitchen counter top a glass, measuring cup with white residue was found near a digital scale that contained white powdery residue, field testing positive for crack cocaine. A second digital scale was also located on the counter top. A note pad was located on the kitchen counter top near the digital scales. Written on the notepad was "Frankie Thrustee – Thrust" numbers of 55 & 20, the name Daniel - $40B, a page that had 0.01 point with $20 0.10 point of B (referring to boy – heroin/fentanyl) and $10 for point of G (referring to girl cocaine). Based on the Affiant's training and experience this note pad was a drug ledger. On top of the refrigerator two magazines containing ammunition for "597" rifle.

Based on your Affiant's training and experience, the large amount of recovered narcotics located at SUBJECT PREMESIS is indicative of narcotics dealing and not personal use. The average user of fentanyl uses points of fentanyl (1/10th of a gram. The average user will use between 0.5 – 1 gram a day. The average user of cocaine uses on average 1 – 2 grams a day. In addition to the large amount of narcotics found at the SUBJECT PREMESIS, the recovery of drug packaging materials, digital scales with residue, and large amounts of United States currency are indicative of the distribution of controlled

substances and not consistent with possession of narcotics for personal use.

In your Affiant's opinion, based on Affiant's training and experience, the presence of firearms in the SUBJECT PREMESIS along with narcotics, drug packaging materials, digital scales, and United States currency, demonstrate that the possession of the firearm was in furtherance of a drug trafficking crime. It is common for drug traffickers to possess and carry firearms or other dangerous weapons in order to protect their profits, supply of drugs, and themselves from others who might attempt to forcibly take these items. Because it would expose their drug business, drug traffickers rarely notify or utilize law enforcement when burglaries or robberies of their drug business occur, choosing instead to protect themselves through weapons and secrecy.

Based upon the foregoing, your Affiant has probable cause to believe that on or about March 8, 2018, MILTON violated 18 U.S.C. §924(c)- Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 21 U.S.C. §841 – Possession with Intent to Distribute a Controlled Substance, namely, fentanyl, cocaine and methamphetamine, Scheduled II Controlled Substances, and 21 U.S.C 856 – Maintaining A Drug Involved Premise.

The foregoing facts are true to the best of your Affiant's knowledge and belief.

Further, your Affiant sayeth naught.

_____
ATF TFO Caleb J. Anderson

Subscribed and sworn to before me, this 9th day of March, 2018.

s/Paul R Cherry
_____
Honorable Paul R. Cherry
Magistrate Judge
United States District Court